HARRY WYCKOFF, TRADING AS WYCKOFF REALTY COMPANY, PLAINTIFF-APPELLANT, v. VINCENT P. BRADLEY, HARRY WELLS, HYMAN FRIEDMAN, EDWARD J. BORDON, GEORGE E. HEWSON, MASON P. PRINGLE AND JAMES HARKINS, INDIVIDUALLY AND JOINTLY, DEFENDANTS-RESPONDENTS.

Submitted January 26, 1934—Decided May 22, 1934.

Before Justices PARKER, LLOYD and PERSKIE.

For the appellant, *Sigmund Auerbach.*

For the respondents, *William A. Stevens,* attorney-general.

The opinion of the court was delivered by

PARKER, J. The appeal is from a "judgment and order" of the District Court "striking out the state of demand, and dismissing the cause of action contained therein." That action of the court was taken upon a notice given by defendants, of a motion to strike out the state of demand. The court went a step further than the notice contemplated by its terms, and "dismissed the cause of action." That language fairly and necessarily imports a final disposition of the action, which in turn is a judgment to all intents and purposes, sufficient to support an appeal. We are not really concerned with the technical propriety of a motion in a District Court to strike out the state of demand; for what the court really did was to give a judgment of nonsuit because the state of demand did not exhibit a legal cause of action. Such was the uniform practice in justices' courts. *Honeyman, Justice Court* (*8th ed.*) 476; *Weill* v. *Jacoby,* 72 *N. J. L.* 273. And the District Courts in their practice have from the beginning been assimilated to Justice Courts, and were substituted for them. See, for example, the act creating the Newark courts. *Pamph. L.* 1873, *p.* 245. The only pleadings in ordinary cases were a state of demand. District Court act 1898. *Pamph. L., p.* 556, § 60. No answering pleading is contemplated except a set-off (section 61), recoupment (section 64), or a plea of title in certain cases, which if successful ousted the court of jurisdiction (section 62). Demurrer in a Justice or District Court was unknown. But the motion to strike out a complaint as not

setting up a cause of action is a mere modern substitute for the general demurrer. Supreme Court rule 40; *Blum* v. *Jersey City Lumber Co.,* 112 *N. J. L.* 67, and cases cited. So it may well be doubted whether section 68 of the District Court act, making applicable the practice of the Circuit Courts in certain cases, is to be regarded as authorizing a motion to strike out a state of demand. But it is needless to consider the point, because, as we have said, the court gave judgment of nonsuit, and that is the gravamen of the appeal. Our inquiry, therefore, is as to the correctness of that action; and this irrespective of the grounds assigned for it. *McCrory* v. *Braunstein,* 99 *N. J. L.* 167, 169, and cases cited.

The determinative question is whether the state of demand set out a cause of action. We are clear that it did not. It is stated in the defendants' notice in the court below, that the defendants are members of a public board or body with jurisdiction over plaintiff as a real estate broker, and that they acted in such capacity within their powers, &c. They were not sued as such members; and indeed, plaintiff expressly charged them as individuals and private citizens, perhaps to avoid the effect of such cases as *Valentine* v. *Englewood,* 76 *N. J. L.* 509; *Johnson* v. *Marsh,* 82 *Id.* 4, and *Tyrell* v. *Burke,* 110 *Id.* 225. The language of the state of demand is that defendants individually and jointly, "without any cause or justification whatsoever and without any formal or written complaint whatsoever as required by law, made an order suspending and revoking the real estate broker's license heretofore granted by the State of New Jersey to the plaintiff;" that plaintiff had made repeated demands for the restoration of the license but that demand had been refused; that these defendants *"while acting in an individual capacity and not as any official body of the state"* had conspired willfully, deliberately and maliciously to deprive the plaintiff of his right to earn a livelihood and have refused to restore his license and have thus acted with malice and fraud; that the action of these defendants was without legal justification and that defendants through their agents and servants caused to be published in newspapers several articles against the plaintiff,

all of which were untrue, unwarranted and without legal foundation; that as a result thereof the plaintiff has been deprived of the opportunity to earn a livelihood; has been unable to continue his business, his reputation has been prejudiced and that he has suffered great shame and humiliation.

So far as the state of demand sounds in libel, it should be noted that this phase seems not to have been argued either here or in the court below, and therefore we have not considered it, though it may be well to note at this time that no libelous words are pleaded. See *Holmes* v. *Webster,* 62 *N. J. L.* 55.

Apart from the general allegations of libel, the state of demand is plainly insufficient in law on its face, as it sets up no authority or color of authority under which the defendants did or could make any order having a shadow of legal validity; and such an "order" made by defendants either jointly or severally as private citizens, was a mere idle gesture unless coupled with some physical interference with plaintiff's rights, of which there is no averment whatever.

The judgment, called a dismissal, but really a nonsuit, was clearly right. That being so, the question whether it was good practice to strike out the state of demand need not be considered, as it becomes merely academic.

The judgment will be affirmed.